IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TBB CRESCENT PARK DRIVE, LLC, § § *Plaintiff*, § § v. § CIVIL ACTION NO. 4:2025cv03250 § WINT REAL ESTATE, LLC, § § *Defendant*. § § | |

**COUNTER-PLAINTIFF WINT REAL ESTATE, LLC'S ORIGINAL COUNTERCLAIMS**

Counter-Plaintiff/Defendant WINT Real Estate, LLC ("WINT" or "Counter-Plaintiff") hereby brings its Original Counterclaims against TBB Crescent Park Drive, LLC ("TBB"). Unless otherwise defined herein, all capitalized terms shall have the same meaning as in the Complaint filed by TBB [Docket No. 1] or the Agreement (defined below) as applicable.

**I.   RECITAL OF THE PARTIES**

WINT is a Delaware limited liability company that has appeared in this action as Defendant. Counter-Defendant TBB is a Texas limited liability company that has appeared as Plaintiff. WINT asserts the following Counterclaims against TBB pursuant to Federal Rule of Civil Procedure 13.

**II.   BACKGROUND**

1.   On or about March 31, 2021, TBB, as "Seller," and WINT's assignor, as "Purchaser," ("Purchaser" has the same meaning herein as in the Agreement) entered into that certain Purchase and Sale Agreement for the real property commonly known as 2222 Crescent Park Drive, Houston, Texas (as amended, the "Agreement"), a true and correct copy of which is attached to the Complaint as Ex. 1. The Agreement was thereafter modified by the First

1

Amendment (Complaint Ex. 2), the Second Amendment (Complaint Ex. 3), and the Third Amendment (Complaint Ex. 5) (collectively, the "Amendments").  In the Assignment and Conditional Assumption Agreement, all Purchaser rights were assigned to WINT (Complaint Ex. 4).

2. The Agreement confers on WINT an absolute and exclusive right to acquire the Property.  Agreement § 2.1. The Earnest Money is to be credited against the Purchase Price at Closing. Agreement § 3.2(a).

3. Section 14.1 of the Agreement provides:

> 14.1  **Purchaser's Right to Inspect the Property**. Purchaser, at Purchaser's sole cost and expense, shall be entitled, during the term of this Agreement, at reasonable times and following reasonable notice to Seller, to inspect and review the Property and all matters relating to the Property (the "Due Diligence Review"), including without limitation the physical condition of the Property, Contracts, Leases, plans, surveys, title examinations and all other materials in Seller's possession concerning the Property as Purchaser may reasonably request, provided that they are not confidential, proprietary or privileged.  During the Due Diligence Review, Purchaser, at Purchaser's sole cost, shall also have the right to make such inspections, investigations and tests and make photocopies of such materials as Purchaser may elect to make or obtain, subject to the Tenants' rights and excluding matters which are confidential, privileged or proprietary.  Seller will arrange access to Purchaser and Purchaser's agents to the Property at reasonable times following reasonable notice. Purchaser and Purchaser's representatives, agents, designees and contractors have the right during the term of this Agreement upon not less than two (2) Business Days prior written notice to Seller, at Purchaser's sole cost, to enter the Property to conduct any environmental, soils, seismic, hydro geologic, geologic and engineering tests and studies with respect to the Property (each, an "Environmental Investigation"), provided that notwithstanding any other provision hereof, Purchaser shall not perform any invasive testing without Seller's prior written approval, which approval shall be granted or withheld in Seller's sole discretion.  Through Closing, Purchaser shall have the right to physically inspect the Property; provided, however, that Purchaser shall not have any right to terminate this Agreement on account of the results of any inspections after the Termination Deadline.

4. By Section 6.2, TBB covenanted that it would deliver the deed to the Property, subject only to Permitted Encumbrances, and other associated assets.

5. Section 14.6 expressly mandates that the Seller "agrees to cooperate with and furnish any information reasonably requested by Purchaser's appraiser, lender and other third party consultants, to the extent in Seller's possession."

6. The parties executed the Third Amendment on or about May 23, 2025. Under the Third Amendment, WINT paid additional Earnest Money and duly extended the Closing Date to May 30, 2025.

7. The Closing Date was further extended by the parties.

8. TBB refused to allow TBB access for the Due Diligence Review and Environmental Investigation.

9. WINT repeatedly notified TBB of specific dates and times at which WINT's engineers, consultants, and lender inspectors desired to enter the Property in order to conduct its Due Diligence Review and Environmental Investigation, consisting of, for example, ordinary visual inspections, a Phase I ESA walk-through, roof measurements, and other non-invasive diligence activities.

10. Each notice complied with the Agreement and was reasonable.

11. TBB either ignored or refused each request.

12. When WINT attempted to coordinate a visit to the Property, TBB's representative denied access to WINT and threatened to summon law enforcement for criminal trespass should any member of WINT's team set foot on the Property.

13. On June 24, 2025, TBB sent a letter stating that TBB would not close on the Agreement. TBB demanded release of the Earnest Money, even though WINT had not breached the Agreement.

14. On June 25, 2025, pursuant to the Agreement's provisions concerning the Earnest Money, Purchaser objected in writing to the release of the Earnest Money by the Escrow Agent and stated that the Closing Date was extended because of TBB's conduct.

15. TBB is estopped and has waived any right to argue that the Agreement is terminated or that Closing had to occur by May 30, 2025.

16. As a direct result of TBB's obstruction, WINT has been deprived of the benefit of its bargained-for Due Diligence Review, including its contractual right to perform an Environmental Investigation consisting of non-invasive sampling and testing.

17. Upon information and belief, TBB's refusal to honor WINT's contractual rights is motivated by TBB's effort to solicit or negotiate a higher purchase price from a third-party buyer and to encumber or convey the Property in blatant disregard of the Agreement.

18. Despite TBB's wrongful conduct, WINT stands ready, willing, and able to close on the Property, provided that WINT receives the access and cooperation expressly promised by TBB and that WINT is satisfied, after the contractually mandated Due Diligence Review, with the condition of the Property and other applicable matters.

19. TBB has declared, both orally and in writing, that it will not close and will not deliver the Property to WINT, constituting an anticipatory repudiation and present breach of Section 6.2 of the Agreement.

20. TBB's Principal, Olek DeRowe, then told Jed Latkin of WINT that TBB has other offers for purchase and, upon information and belief, these other offers have been a contributing cause of TBB's failure to convey the Property.

### III. COUNTERCLAIMS

#### COUNT 1 – Breach of Contract

21. WINT incorporates by reference Paragraphs 1–21 as though fully set forth herein.

22. The Agreement is a valid, binding, and enforceable agreement supported by adequate consideration.

23. WINT has performed all of its obligations under the Agreement, including, without limitation, (a) payment of Earnest Money, (b) extension of the Closing Date, and (c) repeated tender of performance and readiness to close.

24. TBB has breached the Agreement, and is estopped from arguing WINT's breach, by: (i) refusing to provide access to the Property for WINT's Due Diligence Review and Environmental Investigation in violation of Section 14.1; (ii) threatening WINT's representatives with criminal prosecution, thereby preventing the performance of non-invasive environmental testing authorized by Section 14.1; (iii) announcing its intention not to convey the Property as required by Section 6.2; and (iv) actively marketing or negotiating the sale of the Property to third parties in contravention of WINT's exclusive right under Section 2.1.

25. As a direct and proximate result of TBB's breaches, WINT has suffered damages in an amount to be proven at trial, including but not limited to (i) out-of-pocket expenses, (ii) increased financing costs, (iii) consultant fees incurred for site visits that could not proceed, (iv) delay damages, and (v) damages flowing from TBB's obstruction.

26. WINT affirmatively elects the remedy of specific performance compelling TBB to (i) allow WINT access to the Property and (ii) to deliver the Property in accordance with the Agreement, subject to WINT's determination that the Property is in satisfactory condition and other matters. In addition, or in the alternative should specific performance become impracticable, WINT seeks recovery of all damages available at law or in equity, including without limitation, the return of the Earnest Money.

### COUNT II – Attorneys' Fees

27. WINT incorporates by reference Paragraphs 1–27.

28. WINT has been compelled to retain the undersigned counsel to prosecute these Counterclaims. Under the Agreement (§ 16.16), Section 27.01(e) of the Texas Business & Commerce Code, and Section 38.001 of the Texas Civil Practice & Remedies Code, WINT is entitled to recover its reasonable and necessary attorneys' fees, expenses, and court costs incurred herein.

### Conditions Precedent

29. All conditions precedent to WINT's right to relief have occurred, been performed, or have been excused.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiff WINT Real Estate, LLC respectfully prays that the Court enter judgment in its favor and against Counter-Defendant TBB Crescent Park Drive, LLC by:

(a) Ordering specific performance of the Agreement as requested herein;

(b) Alternatively, awarding WINT all actual, consequential, and exemplary damages proven at trial;

(c) Awarding WINT its reasonable and necessary attorneys' fees, costs, and litigation expenses pursuant to the Agreement and Texas law;

(d) Awarding pre-judgment and post-judgment interest as permitted by law; and

(e) Granting WINT such other and further relief, in law or in equity, to which it may be justly entitled.

Dated: September 5, 2025.

**DENTONS US LLP**

By: */s/ Mukul S. Kelkar*
Mukul S. Kelkar
Federal Bar No: 1503770
Casey Doherty
Federal Bar No: 6729273
1300 Post Oak Blvd., Suite 650
Houston, Texas 77056
Telephone: (713) 658-4600
Facsimile: (713) 739-0834
mukul.kelkar@dentons.com
casey.doherty@dentons.com

**Counsel for Defendant**
**WINT Real Estate, LLC**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was served on all parties of record on September 5, 2025 *via* ECF.